**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GENE ALLEN, ) | |
| ) | |
| Petitioner, ) | **Case No. 2:07-cv-00226-PMP-LRL** |
| ) | |
| vs ) | |
| ) | ORDER |
| STATE OF NEVADA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

Before the court are Petitioner's Application to Proceed in Forma Pauperis and Petition for Writ of Habeas Corpus. (Docket #1). Petitioner's habeas corpus petition has not been filed because the matter of payment of the filing fee has not yet been addressed. Petitioner's Application to Proceed In Forma Pauperis, including the financial certificate, establishes that he qualifies for in forma pauperis status. He shall be granted leave to proceed in forma pauperis, and shall not be required to pay the filing fee for his habeas corpus petition. For the reasons stated below, however, Petitioner's habeas petition will not be filed or served on Respondents at this time.

///

///

///

1         Allen has filed at least 14 habeas petitions in this court alone, all attacking the same conviction.[1] On at least two previous occasions, Allen was ordered by the court to submit any and all habeas corpus claims related to his April 7, 2003 conviction in case number 3:03-cv-00414-ECR-VPC. (*See* Cases Nos. 3:03-cv-00519-ECR-RAM, 3:03-cv-00541-ECR-VPC). Allen repeatedly ignored those court orders, and in fact filed eight new habeas lawsuits after those orders were issued. Allen has also had at least two habeas corpus petitions dismissed as successive petitions pursuant to 28 U.S.C. §2244(b)(3)(A). (*See* Cases Nos. 3:05-00639-LRH-RAM, and 3:06-cv-00079-LRH-VPC). In both of those cases, Allen was informed that he could not pursue any additional habeas corpus petitions until he moved the United States Court of Appeals for the Ninth Circuit for an order authorizing this court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Cases. Allen has never done so.

        Petitioner's current habeas petition challenges the same April, 2003 conviction that he has challenged at least 14 times before in this court. This court lacks jurisdiction to entertain a successive habeas petition until Petitioner has received the approval of the Ninth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Burton v. Stewart,* 127 S.Ct. 793, 796 (2007). Petitioner will therefore be given thirty (30) days in which to show cause why his current federal habeas petition should not be dismissed.

        **IT IS THEREFORE ORDERED** that Petitioner's Application to Proceed In Forma Pauperis (Docket #1) is **GRANTED**.

---

[1] See cases, 3:05-cv-00616-LRH-VPC, 3:05-cv-00639-LRH-RAM, 3:03-cv-00414-ECR-VPC, 3:03-cv-00465-LRH-RAM, 3:03-cv-00519-ECR-RAM, 3:03-cv-00541-ECR-VPC, 3:03-cv-00672-LRH-RAM, 3:03-cv-00692-LRH-RAM, 3:04-cv-00189-ECR-VPC, 3:05-cv-00184-LRH-VPC, 3:05-cv-00458-RLH-VPC, 2:03-cv-00770-KJD-PAL, 3:06-cv-00079-LRH-VPC

**IT IS FURTHER ORDERED** that the Clerk shall not file or serve the habeas corpus petition at this time.

**IT IS FURTHER ORDERED** that Petitioner shall have thirty (30) days from the date this order is entered in which to show cause why his habeas corpus petition should not be denied as a successive petition. Petitioner's failure to respond in the time provided by this order will result in the dismissal of his petition.

DATED: August 1, 2007.

_____
PHILIP M. PRO
United States District Judge